# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MARK ANN KNEZEK** | § | |
| | § | |
| *Debtor*, | § | |
| | § | |
| | § | **Civil Action No. H-09-1075** |
| **v.** | § | |
| | § | |
| | § | |
| **CINDY NEELY** | § | |
| | § | |
| *Appellant.* | | |

## <u>MEMORANDUM AND ORDER</u>

This appears to be the 18th appeal filed by George Neely or affiliated parties relating to Mr. Neely's bankruptcy or that of Mary Ann Knezek.

In this appeal, Mr. Neely's wife, Cindy Neely, seeks relief from a judgment in bankruptcy court in Ms. Knezek's bankruptcy that provides for the sale of certain property (the "Rosenberg Property"). Ms. Neely objects to the bankruptcy court's having ordered, in Adversary Proceeding 06-3619, that the proceeds of the sale be "earmarked" as belonging to Ms. Knezek and the trustee in George Neely's bankruptcy (the "Trustee"), in equal shares. Pursuant to the bankruptcy court's order, the amount earmarked for Ms. Knezek must first go to the satisfaction of a debt that has been secured by Ms. Knezek's share of the Rosenberg Property. Any amount not needed for the satisfaction of that judgment, and the 50% earmarked for the trustee shall then be paid into the registry of the bankruptcy court.

Ms. Neely argues that state court litigation had previously held that she had a 50% undivided interest in the Rosenberg Property and that Mr. Neely – and therefore the Trustee – should not have

earmarked for him, or them, any portion of the proceeds from the Rosenberg Property.

Ms. Neely's argument might well be persuasive, but for another order entered by the bankruptcy court, in Adversary Proceeding 06-3503 in Ms. Neely's bankruptcy. In that proceeding, the bankruptcy court, in a lengthy opinion, held that the Rosenberg Property had been purchased with community funds of Mr. and Mrs. Neely, and therefore must be considered as property of Mr. Neely's bankruptcy estate, subject to the Trustee's authority.

If the holding in 06-3503 is correct, then the bankruptcy court was also correct in holding that 50% of the proceeds of the Rosenberg Property's sale should be earmarked for the Trustee. If that holding is in error, then the correction of that error would mean that the bankruptcy court would likely need to enter a different order in Adversary Proceeding 06-3619, from which Ms. Neely has appealed to this Court.

The difficulty faced by this Court is that the holding in Adversary Proceeding 06-3503 is not part of this appeal. It appears to have been the subject of the appeal in 4:09-cv-145, assigned to another judge of this Court. That case was dismissed pursuant to the request of Mr. Neely. The holding in 06-3503 would, therefore, appear to be final and non-appealable.

Mr. Neely's request for dismissal in 4:09-cv-145 came when this appeal was pending in this Court. In view of Mr. Neely's demonstrated pattern of filing and dismissing appeals, the Court is uncomfortable with the possibility that 4:09-cv-145 was dismissed because Mr. or Mrs. Neely thought that better chances of success would be found in this Court. Whatever the motive of that dismissal, however, it is not at all clear to this Court how it can now reconsider the holding in 06-3503 or, accordingly, how this Court can offer Ms. Neely the result she seeks in this appeal.

The parties will have three days to submit arguments and authorities to this Court as to whether the disposition of 4:09-cv-145 moots or otherwise disposes of this appeal.

**IT IS SO ORDERED.**

Signed at Houston, Texas on this 8th day of June 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE