UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CINDY NEELY,<br><br>　　　Appellant,<br>VS.<br><br>TRAVIS JOHNSON,<br><br>　　　Appellee. | §<br>§<br>§<br>§　CIVIL ACTION NO. H-09-1075<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

As noted in the Court's last Memorandum and Order, this appears to be the 18th appeal filed by George Neely or affiliated parties relating to Mr. Neely's bankruptcy or that of Mary Ann Knezek (Case No. 06-30107). Last month, Ms. Neely filed the 19th appeal.

The Court will not attempt to set forth the lengthy procedural history of the 19 appeals. The history of this appeal can be set forth summarily. Ms. Neely seeks relief from a judgment in an adversary proceeding (06-3619) in Ms. Knezek's bankruptcy that provides for the sale of certain property (the "Rosenberg Property"). Ms. Neely objects to the Bankruptcy Court's having ordered that the proceeds of the sale be "earmarked" as belonging to Ms. Knezek and the trustee in George Neely's bankruptcy (the "Trustee"), in equal shares. Pursuant to the Bankruptcy Court's order, the amount earmarked for Ms. Knezek must first go to the satisfaction of a debt that has been secured by Ms. Knezek's share of the Rosenberg Property. Any amount not needed for the satisfaction of that judgment, and the 50% earmarked for the Trustee, shall then be paid into the registry of the Bankruptcy Court.

Contrary to some of the language in Ms. Neely's submissions, the Bankruptcy Court has not ordered that the money be paid to the Trustee. It will be held in the registry of the court pending further order of the court. Because Ms. Neely will have ample opportunity to argue her entitlement to some or all of the funds in the registry, this entire appeal could well be dismissed as premature.

Ms. Neely argues that an earlier proceeding in state court had held that she has a 50% undivided interest in the Rosenberg Property and that Mr. Neely – and therefore the Trustee – should not have earmarked for him, or them, any portion of the proceeds from the Rosenberg Property. Ms. Neely's argument would seem meritorious, except for an order entered in Mr. Neely's bankruptcy (Case No. 04-44898).[1] Specifically, in Adversary Proceeding 05-3503, the Commission for Lawyer Discipline (the "CFLD") alleged that Mr. Neely, with intent to delay, hinder, or defraud his creditors, had transferred, removed, destroyed, mutilated, or concealed his property. The complaint further alleged that Mr. Neely had engaged in a "general pattern of concealing his non-exempt property and removing it from the reach of his creditors." Ms. Neely was not named as a party, and did not intervene. She was deposed, however, and was subpoenaed for the trial held on the Adversary Proceeding. Mr. Waverly Nolley, co-counsel for Mr. Neely in the Adversary, represented Ms. Neely at her deposition, and on both days of the trial entered an appearance on her behalf. She also had every reason to know that, because the Adversary Proceeding involved allegations as to community property of the marriage, her alleged rights could be affected by the outcome.

---

[1] In the last Memorandum and Order, a typographical error resulted in a reference to Ms. Neely's bankruptcy rather than Mr. Neely's bankruptcy. Ms. Neely has never been in bankruptcy.

In its Memorandum Opinion issued after the trial, the Bankruptcy Court set forth its findings and conclusions on the CFLD's allegations. In every material respect, the Bankruptcy Court found against Mr. Neely. The court also denied Mr. Neely a discharge. As to the Rosenberg Property, the Bankruptcy Court found that the interest of Mr. and Mrs. Neely "was property of the bankruptcy estate and not exempt on the date of [George Neely's} bankruptcy [filing]." The Bankruptcy Court specifically stated:

> Although the Court gave Neely an opportunity to include the pleadings from the state court litigation for purposes of evaluating whether res judicata would apply to the state court judgment, Neely has not submitted the pleadings from that case. Absent pleadings from the state court case placing the separate or community nature of Cindy Neely's interest in the Rosenberg property at issue in that case, the Court finds that the state court judgment's characterization of Cindy Neely's interest in the property as separate has no res judicata or collateral estoppel effect in this instant matter.

Mr. Neely filed at least three different appeals from the Bankruptcy Court's opinion and order: 08-cv-1583, 08-cv-3475, and 09-cv-145. The first two appeals were dismissed by Judge Hoyt and no further appeal was taken. The third appeal was dismissed by Mr. Neely's own motion. The holdings in the CFLD Adversary Proceeding are, therefore, final and non-appealable.

In its last Memorandum and Order, the Court invited the parties to submit briefing as to whether the disposition of the three appeals mooted the relief sought by Ms. Neely in this Adversary Proceeding. In her response, the only argument of any consequence from Ms. Neely is that, because she was not a party to the CFLD Adversary, she should not be bound by it. Ordinarily, the concept of issue preclusion cannot be asserted against those who were not parties to a prior proceeding in which the issue is alleged to have been resolved.

The law is clear, however, that a nonparty may be bound if "adequately represented by someone with the same interests who [w]as a party." *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996). The Fifth Circuit has noted that such reasoning is reinforced when the nonparty shared an attorney with a party. *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1290 (5th Cir. 1991).

Accordingly, the Court does find and hold that Ms. Neely is bound by the opinion and judgment in the CFLD Adversary, and, accordingly, this Court is powerless to grant her relief on the issues determined therein.

This appeal is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on this 20th day of July 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE